**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**HAL D. BARNES**                                                                                    **PLAINTIFF**
**ADC #124499**

**VS.**                            **CASE NO.: 5:08CV00328 SWW/BD**

**ARKANSAS DEPARTMENT
OF CORRECTION, et al.**                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If an objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.  Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

II.    **Introduction**:

Plaintiff, who is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* Complaint (docket entry #2) under 42 U.S.C. §1983, along with an Application for Leave to Proceed *In Forma Pauperis* (#1).  For the following reasons, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his Application for Leave to Proceed *In Forma Pauperis* (#1) be DENIED as moot.

III.   **Discussion**:

Plaintiff alleges that officials at the ADC received a check in Plaintiff's name from the National Union Fire Insurance Company of Pittsburgh.  Plaintiff states that the check, in the amount of $10,000.00, was part of his inheritance.  Instead of giving the check to Plaintiff or allowing him to send it back, the check was sent to the ADC Trust Fund Centralized Banking Office and deposited in Plaintiff's inmate account.

At some point after the ADC received the check, the Arkansas Attorney General brought a Petition for Reimbursement for Cost of Care under the State Prison Inmate Care and Custody Reimbursement Act ("SPICCRA"), ARK. CODE ANN. §§ 12-29-501, *et seq*. In response to the petition, Plaintiff offered to pay $2,500.00 to settle the matter with the Attorney General.  The Attorney General declined, and eventually Plaintiff agreed to accept $1,500.00 of the $10,000.00 to settle the petition, forfeiting the balance to the State of Arkansas.  Plaintiff brought this action alleging that his right to Due Process was

denied because he was "coerced, shown hostility, and pressure[d]" into settling the

petition with the Attorney General (#2).  Plaintiff's allegations fail to state a claim for

relief under 42 U.S.C. § 1983.

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the

conduct of a defendant acting under color of state law deprived him of a right, privilege,

or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C.

§ 1983.  In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United

States Supreme Court held that when a state actor deprives a person of personal property,

the person does not have a Due Process § 1983 claim if state law provides an adequate

post-deprivation remedy.  The State of Arkansas provides such a remedy through the

Arkansas Claims Commission.  See ARK. CODE ANN. § 19-10-204(a) (vesting the

Arkansas State Claims Commission with "exclusive jurisdiction over all claims against

the State of Arkansas and its several agencies, departments and institutions").  In addition,

Plaintiff had the opportunity to address this issue before the state trial court.  If he had

disagreed with the outcome, he could have appealed the decision to the Arkansas

Supreme Court.  See *Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990) (Arkansas

Supreme Court affirmed trial judge's determination that the SPICCRA did not violate a

prisoner's Due Process rights).  Accordingly, Plaintiff has not stated a Due Process claim.

The Eighth Circuit Court of Appeals has upheld a pre-service dismissal in a similar

case.  See *Skinner v. Missouri*, 215 Fed.Appx. 555, 2007 WL 315364 (8th Cir. Feb. 5,

3

2007) (unpublished) (affirming district court's 28 U.S.C. § 1915A order dismissing

prisoner's 42 U.S.C. § 1983 challenge to the confiscation of money in his inmate account

under the Missouri Incarceration Reimbursement Act ("MIRA")).  SPICCRA and MIRA

are strikingly similar.  As in *Skinner*, Plaintiff's allegations in the present case do not rise

to the level of a constitutional violation.  Accordingly, pre-service dismissal under 28

U.S.C. § 1915A is appropriate.

**IV.   Conclusion:**

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED with

prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as

moot.  In addition, the Court recommends that the dismissal count as a "strike" for

purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma*

*pauperis* appeal taken from the order and judgment dismissing this action would be

frivolous and not taken in good faith.

DATED this 9th day of January, 2009.

_____

UNITED STATES MAGISTRATE JUDGE